UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JABRON CARR,<br><br>    Petitioner,<br><br> v.<br><br>JAMES DZURENDA, et al.,<br><br>    Respondents. | Case No. 3:20-cv-00030-LRH-WGC<br><br>**ORDER** |

**I. Introduction**

  Petitioner has submitted an application to proceed in forma pauperis (ECF No. 1), a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and an ex parte motion for appointment of counsel. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition is without merit on its face, and the court denies it.[1] The court denies the motion for appointment of counsel because the court is dismissing the action.

**II. Background**

  The court takes the following facts from petitioner's allegations, except where noted. On March 3, 2015, petitioner agreed to plead guilty in state district court to one count of ownership

---

[1] The petition appears to be untimely under 28 U.S.C. § 2244(d)(1)(A), and it might also be procedurally defaulted. However, the court will not make any further determinations on those issues at this time because the petition is without merit.

1

or possession of a firearm by a prohibited person. The guilty plea agreement provided that if petitioner did not appear at any subsequent hearings, then the prosecution would have the unqualified right to argue for any legal sentence, including treatment of petitioner as a habitual criminal. Based upon that allegation, the court assumes that petitioner was not detained in jail pending sentencing.

On July 27, 2015, petitioner appeared for sentencing. The state district court continued the hearing to allow petitioner to resolve some medical issues.

On August 10, 2015, petitioner did not appear for sentencing. The state district court issued a bench warrant.

Over a year later, on October 12, 2016, a bench warrant return was filed. Petitioner appeared before the state district court that day. The state district court continued the sentencing hearing to November 7, 2016.

On October 17, 2016, the prosecution filed a notice of intent to seek punishment of petitioner as a habitual criminal.

The docket of the state district court differs from petitioner's allegations. It shows a bench warrant return filed on October 12, 2016, but no minutes of a hearing. The docket shows a bench warrant return with minutes on October 17, 2016, and the minutes show that the sentencing hearing was continued to November 7, 2016. Also on October 17, 2016, the prosecution filed the notice of intent to seek punishment of petitioner as a habitual criminal. State v. Carr, Case No. C-14-301532-1.[2] The court notes this difference for the sake of completeness, but it has no effect on the outcome of this case.

On November 7, 2016, the state district court adjudicated petitioner as a "small" habitual criminal under Nev. Rev. Stat. § 207.010(1) and sentenced him to prison for a minimum term of 5 years and a maximum term of 15 years. The state district court entered its judgment of conviction on November 10, 2016. Petitioner did not appeal.

---

[2] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11531749 (report generated January 21, 2020). A person following this link likely will need to enter the case number given above and a verification.

Petitioner pursued two post-conviction habeas corpus petitions in the state courts. On April 24, 2017, he filed a post-conviction habeas corpus petition in the state district court. The state district court denied the petition on July 12, 2017, and issued a notice of entry of the order on July 13, 2017. State v. Carr, Case No. C-14-301532-1. Petitioner did not appeal.

On July 25, 2018, petitioner filed a second post-conviction habeas corpus petition in the state district court. Carr v. State, Case No. A-18-778244-W[3] and State v. Carr, Case No. C-14-301532-1.[4] The state district court denied the petition on January 30, 2019, and issued the notice of entry of the order on January 31, 2019. Petitioner appealed. The Nevada Court of Appeals determined that the petition was untimely under Nev. Rev. Stat. § 34.726(1), because it was filed more than a year after entry of the judgment of conviction. That court also determined that the petition was barred as a second or successive petition under Nev. Rev. Stat. § 34.810. Carr v. State, 2019 WL 5618315 (Nev. App. October 30, 2019).

Petitioner mailed, or handed to a correctional officer for mailing, the current federal petition on December 9, 2019.

**III.   Legal Standard**

The sole claim in the petition is ineffective assistance of trial counsel. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

---

[3] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11885408 (report generated January 21, 2020).

[4] For this second petition, some docket entries appear in the civil case, Carr v. State, and some docket entries appear in the criminal case, State v. Carr.

3

## IV. Discussion

The claim concerns the continuation of his sentencing hearing from either October 12 or 17, 2016, to November 7, 2016. Petitioner alleges that because counsel either requested or allowed a continuation of the hearing, that allowed the prosecution to file the notice of intent to seek punishment of a habitual criminal, which in turn led to petitioner being adjudicated as a habitual criminal and sentenced to prison for a minimum term of 5 years and a maximum term of 15 years.[5] Petitioner argues that if counsel had stopped the continuation, and if petitioner was sentenced at that time, he would have received a sentence of only 6 years with parole eligibility after 2 1/2 years.[6]

Petitioner has mixed up cause and effect. Petitioner seems to think that if counsel had insisted on holding the sentencing hearing on October 12 or 17, 2016, that the prosecution would not have been able to file the habitual-criminal notice, and that he could not have been sentenced as a habitual criminal. His argument fails to account for the prosecution's unqualified right to seek habitual-criminal treatment under the guilty plea agreement because petitioner failed to appear for his sentencing hearing in August 2015. The law has a specific procedure for filing a habitual-criminal notice in cases like petitioner's. "For good cause shown, the prosecution may supplement or amend a count pursuant to NRS 207.010, 207.012 or 207.014 at any time before the sentence is imposed, but if such a supplement or amendment is filed, the sentence must not be imposed, or the hearing required by subsection 3 held, until 15 days after the separate filing." Nev. Rev. Stat. § 207.016(2) (2013). Petitioner never could have been sentenced on October 12 or 17, 2016 because, once he satisfied the condition for allowing the prosecution to seek habitual-criminal treatment, the state district court needed to schedule the sentencing hearing at least 15 days after the prosecution filed its notice. Ultimately, petitioner suffered no prejudice because the habitual-criminal law required the sentencing hearing to be held at a later date, regardless of what petitioner's counsel did.

---

[5] The minutes for October 17, 2016, indicate that petitioner's counsel requested a continuance of the sentencing hearing because petitioner was facing criminal charges in another case and because counsel wanted time to review the pre-sentence investigation report with petitioner.

[6] The sentence that petitioner alleges largely is within the scope of the punishment for ownership or possession of a firearm by a prohibited person. See Nev. Rev. Stat. § 202.360(1) (2003).

4

To put it in shorter terms, petitioner was not punished as a habitual criminal because his trial counsel requested a continuance of the sentencing hearing. Instead, petitioner's sentencing hearing was continued because the prosecution sought punishment of petitioner as a habitual criminal.

**V.    Certificate of Appealability**

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The court finds that reasonable jurists would not find the court's conclusions debatable or wrong. The law simply did not allow the sentencing hearing to take place when petitioner wanted it to take place. Consequently, counsel did not provide ineffective assistance even if she requested a continuance of the sentencing hearing for other reasons. The court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that the application to proceed in forma pauperis (ECF No. 1) is **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

IT FURTHER IS ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and the ex parte motion for appointment of counsel.

IT FURTHER IS ORDERED that the ex parte motion for appointment of counsel is **DENIED**.

IT FURTHER IS ORDERED that the petition for a writ of habeas corpus is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

IT FURTHER IS ORDERED that that the clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of this order and the petition. No response is necessary.

DATED this 22nd day of January, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE